Dobruck v. Lineback

---

WALTER V. DOBRUCK v. MARGARET SINK LINEBACK AND HER HUSBAND, ALAN LINEBACK

No. 8530SC46

(Filed 1 October 1985)

**Rules of Civil Procedure § 49; Trial § 40— issues not submitted to jury—waived by failure to request or to take exception to the court's failure to submit**

   In an action for breach of promise, unjust enrichment, and constructive trust arising from plaintiff's conveyance of real property to defendant and

defendant's marriage to someone else, plaintiff waived any right that he may have had to have the jury pass on any issues other than breach of promise where plaintiff expressly approved the issues submitted to the jury, which were confined to the breach of promise claim, advised the court that no other issues were necessary, and neither requested other issues nor took exception to the court's failure to submit other issues. G.S. 1A-1, Rule 49(c).

APPEAL by plaintiff from *Downs, Judge.* Judgment entered 18 May 1984 in Superior Court, JACKSON County. Heard in the Court of Appeals 27 August 1985.

*Roberts, Cogburn, McClure & Williams, by Isaac N. Northup, Jr., for plaintiff appellant on appeal only.*

*Herbert L. Hyde for defendant appellees.*

PHILLIPS, Judge.

From 1972 until the fall of 1978 plaintiff and the femme defendant lived together without benefit of clergy, and in 1975 he deeded a certain piece of Jackson County real estate to her. In December 1978 she married the male defendant and soon thereafter plaintiff sued to recover the property or its value. The grounds asserted for relief were breach of contract, in that the deed was delivered to the femme defendant in consideration of her promise to marry him and she breached that promise and rendered its performance impossible by marrying someone else, unjust enrichment, and constructive trust. Before the action was tried plaintiff took a voluntary dismissal without prejudice and in apt time filed this action, which sets forth the same claims earlier asserted. When the case was tried the jury, by appropriate issues submitted to them, was asked to determine whether defendant promised to marry plaintiff and, if so, whether that promise was breached. The verdict was that she did promise to marry plaintiff but did not breach the promise, and judgment was entered thereon for the defendant.

In appealing and assigning error plaintiff does not assert that the verdict against him was erroneously arrived at; his sole contention is that the verdict does not support the judgment entered, which it manifestly does. The argument is that the verdict is incomplete and inadequate because the pleadings and evidence raised issues other than those submitted to and answered by the jury. The issues so raised but not resolved, according to plaintiff,

were whether defendant has been unjustly enriched by the events referred to, and whether she holds title to the property received under a constructive trust for plaintiff's benefit. Whether the evidence raised these other issues is immaterial and need not be determined; for the record plainly shows that plaintiff expressly approved the issues submitted to the jury, which were confined to the breach of promise claim, advised the court that no other issues were necessary, and neither requested that other issues be submitted nor took exception to the court's failure to submit other issues. By so doing plaintiff waived any right that he may have had to have the jury pass on any issues other than those submitted. Rule 49(c), N.C. Rules of Civil Procedure; *Superior Foods, Inc. v. Harris-Teeter Super Markets, Inc.*, 288 N.C. 213, 217 S.E. 2d 566 (1975).

No error.

Judges WELLS and WHICHARD concur.